UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRYSTAL BRYANT,

    Plaintiff,

vs.                                                                                                  Case No. 16-12635

OMNI HEALTHCARE MANAGEMENT                                    HON. AVERN COHN
CORP., OMNI HOME CARE, INC.,
OMNI HOME CARE OF OHIO, INC.,
SWARUP SAHA, and RESHMI SAHA,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (Doc. 22)[1]

I.

This is an employment case. Plaintiff Krystal Bryant is suing defendants (collectively Omni) claiming wrongful termination under several theories, including the Fair Labor Standards Act, interference and retaliation under the Family Medical Leave Act and Michigan Workers' Disability Compensation Act. She also brings claims regarding the denial of overtime pay and health care coverage under the Michigan Wage and Fringe Benefits Act.[2] relating to overtime pay. Bryant also says she was terminated in retaliation when she complained about the violations.

---

[1] Upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2] In addition to this case, Bryant and several of her former co-workers have sued Omni claiming a denial of overtime pay under the FLSA. Bryant v. Omni, 16-12639. That case is pending before the undersigned as a companion; discovery has been noticed under both cases.

Before the Court is Bryant's motion to compel the deposition of Heather Perez.[3] For the reasons that follow, the motion is DENIED.

II.

On May 31, 2017, Bryant's counsel noticed the deposition of Perez for June 26, 2017. The notice was sent to Omni's counsel. Perez appeared on June 26 and was deposed. Bryant's counsel, however, says more time is needed to complete the deposition. Omni's counsel did not object to a continuance and worked with Bryant's counsel to secure a date for Perez's continued deposition. Perez, however, did not cooperate with Omni's counsel in responding to requests for available dates. Omni's counsel later shared a communication from Perez in which she explained her failure to appear due to an "unexpected surgery" and work conflicts.

At some point, Perez no longer worked for Omni. At the time Bryant filed the motion to compel, Omni had not provided Perez's last known address to serve a subpoena on her.

As explained in Omni's response, when it became clear that Perez was not cooperating and given that she is a former employee, Omni provided her last known address to enable Bryant's counsel to subpoena her.

Under these circumstances, it is not necessary to issue an order compelling Omni to produce Perez for deposition.[4] Rather, Bryant's counsel has the information

---

[3] The Court gave Bryant permission to file the motion following a telephone conference on June 23, 2017.

[4] Bryant also seeks sanctions against Omni for its alleged "dilatory conduct" with respect to Perez. As the Court reads the record, sanctions are not warranted.

necessary to subpoena Perez directly for deposition.  If Perez fails to comply, Bryant's counsel may take appropriate action.

    SO ORDERED.

                                              S/Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT JUDGE

Dated:   July 31, 2017
        Detroit, Michigan